Turning now to our regular calendar, the first case on our calendar is Hernan Breckler v. Allianz Life Insurance Good morning. May it please the Court, my name is David Benheim of Lipsius Benheim Law. This appeal raises an important issue of first impression concerning a property right. The property right at issue here, the property is the life insurance policy. Is this a case of, when you say it's a matter of issue of first impression, first impression under New York law? Correct. The property right at issue here is the policy on the life of Doris Zupnik. Who's still alive. Well, actually, but when we filed our briefs, she was still alive. She had unfortunately passed away in 2019. So she had passed away, unfortunately. And did anyone, did Allianz pay the proceeds to anyone? Not to my knowledge, no. Is that in dispute? I don't believe that's in dispute, no. I don't mean your knowledge, but whether they are going to pay or are obligated to pay. It's just a question of who owns it, right? That is correct. All right. So the plaintiff commences action as the owner of the policy. Allianz claims it has a right to curtail the property right of assignment of the property by having a provision in its policy that requires written, satisfactory notice of an assignment. We — while we don't have a record on this particular policy, there is evidence from cases filed in a similar time frame that Allianz would not have accepted any written notice of an assignment to policy after they had deemed that the policy had lapsed. So — Those aren't issues in this case. Right. Here what happened was, was there was an assignment. You could say there was constructive notice of some sort back in June of 2013 when Brettler as trustee made a premium payment to Allianz by wire. That payment was rejected for insufficient funds, and the bank had written a letter to Allianz stating, it was our error that there were insufficient funds. That's what caused the policy to lapse. But that premium payment did come from the trust. But was it ultimately honored, the check? Was it ultimately — Allianz would refuse to take a — Allianz declared that the policy had lapsed. Allianz viewed it as lapsed — As a lapsed policy. — from the moment that the check didn't clear. Correct. That's correct. And you want to get to that issue, right? Correct. We want to get to that issue. Because you were prevented from getting to that issue because of the standing issue. The standing issue. So the question becomes, where did this right come from, the right to assign a policy? It's a right that was recognized by the Supreme Court in Grigsby. The Supreme Court, way back then, in 1911, said the insurance policy cannot be treated as something different than any other property that should be freely assignable. There cannot be restrictions on the assignability of a policy, including the restriction at issue in that case, which was permitting an assignment only to individuals with insurable interest. You started out by answering my question that this is a matter of New York law. Now you're referring to the Supreme Court. So would you focus on New York law? Yeah. There's also a statute in New York law which codifies Grigsby. That's New York Insurance Law 3203, which says this — any life insurance policy should be freely assignable. Now, it's important to compare New York Insurance Law 3203, which governs life insurance policies, including the life insurance policy at issue, with New York Insurance Law 3220, which governs group life insurance policies. Now, in the statute concerning group life insurance policy, the legislature stated that the insurance company does have the rights to put restrictions on assignments. In 3203, which governs the life insurance policy at issue, a non-group life insurance policy, the statute says policies shall be freely assignable. So there's a New York statute that allows the assignability. The question is, can Allianz insist on a written satisfactory, whatever that means, notice to permit the assignability of the policy, and by insisting on that provision, pull the rug from underneath the assignee, in our case, Herman Brettler? So — I'm sorry. So I think it's important. Roberts. Have you found any New York cases that support your argument or that deal with requiring notice of an assignment? No. So doesn't this sound like a case that calls out for certification to the New York State Court of Appeals? It just may. I'll be honest. We had viewed the property right as something so fundamental that it wouldn't be something that the New York Court of Appeals would even be interested because it's a clear right that — but we may have overthought it in that way. It could be something — Decisions are littered with issues that the parties thought were clear. So why not certify? I mean, I think that's a — giving it consideration now, I think that's — Well, let me ask you a couple — I've got some practical problems or practical questions, I guess. So why couldn't you just file an amended complaint after giving notice of the transfer? I think we still can. You still can? Yeah. I still — I think we still can. But you've not done that. We have not done that, no. There is an issue — I'll be totally honest with the Court — there is a statute in New York that if an individual wants to sue — to collect on a policy, which is different than what we did, which is a declaratory judgment, that suit has to be brought within two years of the lapse. There is a statute in New York that says it has to be brought within two years. Now, I don't know what would happen if — if this Court decides that Herb and Brettler does not have standing. I don't know whether Allianz will take the position that a new lawsuit would violate that statute of limitations under New York insurance law. So it does — gets tricky if — if Allianz did not. There is nothing — well, I don't know that you can answer this question. Was there anything preventing you from filing that amended complaint? No. There is nothing. There is nothing preventing us from filing an amended complaint, although the amendment would be to name — we could do it — we could do it by naming Mr. Brettler as the plaintiff again, and Allianz could take the position, well, the notice that was given to us was not a satisfactory notice, because we — we have made a determination, and certainly at that point in time Allianz made a determination, that change of ownerships will not be satisfactory or accepted if they were made after Allianz in its own wisdom declared that the policy had already lapsed. So we might just find ourselves in the same situation, this time arguing over whether satisfactory is a term that could be — that could be enforced by Allianz. But you need some understanding so you could get at the meritorious issues related to the lapse. Exactly. Have you come across a reliable loan in your research versus Delgas, a 1928 appellate division case? The citation is 223, appellate division 94, which considered assignment and notice provisions in the context of a stock sale and held that failure to comply with the stock agreement does not render an assignment ineffective. Yeah, well, we cited — I don't believe we cited that decision. We did cite decisions that just generally recognized the property right that is the insurance policy. And so, no, we will take a look at reliable loan. Now you will. Good idea. Okay. Good morning, Your Honors. May it please the Court, Roland Goss on behalf of Appellee Allianz Life Insurance Company, North America, with me is Christine Stoddard. This — under this policy provision, the owner can transfer ownership to anyone at any time for any reason or no reason, and Allianz has no say in that. Absolutely none. They can make any deal they want between them, on the side, about how to split up the death benefit. But if they want to exercise rights under the policy, the policy says, we have to know, because only the owner of a policy can exercise rights. We don't want an interloper coming in and all of a sudden saying, I now own a policy on that gentleman over there, and I'm going to cash it in, or whatever. It's a simple notice provision. All it says — Now, why does that translate into the invalidity of the assignment? Why doesn't that translate into some — either the plaintiff or the insured or the insurer investigating or doing something else, as opposed to the automatic invalidity? It's not an invalidity issue. It was a question on a motion to dismiss, because under undisputed New York law, only the owner of a policy can maintain an action on a policy. Well, I understand that, but I'm sort of asking about the merits a little bit before we get to the standing issue. Well, on the merits, it's all dependent upon who is the owner and can exercise the rights. And Judge Vitelliano here found they admitted that they didn't notify Allianz of a change of ownership before they filed suit. And under the precedence of this Court, ownership and contractual standing, as opposed to constitutional standing, is determined — They could have withdrawn the suit or dismissed it voluntarily and filed suit the next day, and now you're on notice. They could have, but they didn't. Well, it's not silly when you have an $8 million policy. And the question is, who has the authority to lapse the policy, to change the benefits? I thought Allianz's position in all of this was, all you had to do was send us notice. No particular form. You could send it on the back of a tissue box and — Correct. Now we have notice, right? Or you're there in court getting the dismissal that day, then you're handed notice on a little tea napkin, and there, you're on notice and they bring suit the next day. But it has to come from the owner of the policy. Right. The owner of the policy is sitting there and doing that. Or counsel acting on the owner's behalf is doing that. Correct. One of their arguments here is that Allianz provided notice by the filing of the lawsuit. But the lawsuit was filed by the trust, which was the former owner. That doesn't provide notice to us. That's an interloper, as far as we're concerned. And it's important to us because we don't want to have to pay twice. You asked if Allianz would pay under the contract. Once we know who to pay, yes, we'll pay. We're contractually obligated. I mean, absent — But isn't it that you wouldn't take notice after the lapse? Isn't that your position, that no notice would be reasonable or complete or whatever? Well, I mean, it's because the presence of this Court, Bauer and Hargrave, cited at page 14 of our brief, state that you determine contractual standing here, who's the owner, based on facts known at the time the lawsuit was filed. Now, they could have — we can speculate as to what might have happened if Judge Vitelliano would have let them amend, if there would have been a statute of limitation problem, a relation back. Mariam Mutchell could have come in, who's a record owner, according to our records, and asked to intervene as an additional party. She didn't ask to do that. And here's the insurance company now with a payable $8 million benefit, and it's being told different things as to who the owner is. You could, of course, pay the proceeds into a fund in the court until the owner is decided. Well, as far as I'm concerned, they could have dismissed the lawsuit. And according to our records, if Mariam Mutchell is the beneficiary and the owner, we pay the person in our record. If they have a side agreement that they split it with each other, that's fine. That's up to them. But that's not binding on us. Not binding on the insurance company, who has to go by the policy, and which is regulated. Okay? The regulators come in and say, did you pay the actual owner and the beneficiary designated by the owner, yes or no? And if we say no, we're in trouble. Without this lawsuit, this might have resulted in an interpleader, for all I know. Is clear – do you agree that clear language is required to render the assignment ineffective here? Yes, but this isn't a question of the assignment being ineffective. It's just a question of Allianz being notified, as you said, it could be on a napkin, that ownership has been changed. It's a simple unilateral act. Well, for now, from your perspective, for now, at this moment, the assignment is ineffective because you have not received notice. Well, they attached a copy of it. Is that right or wrong? No, they have received notice now. Well, he's saying, I think you're claiming that you've not yet received notice. We received some notice, yes. So what's the difference between some notice and the notice that you require? Because we didn't receive the notice required by the circuit for determining who the owner of the policy is for standing to bring a lawsuit on the policy. All right, so let me go back to my question. When you say the notice required by the circuit, what is that notice? What is the level of clarity that we've required? And why is it that what we've said matters as opposed to what New York State, the Court of Appeals, has said? Because under the policy and under New York law, only the owner of a policy can bring a lawsuit on the policy, which is what was done here. When this lawsuit was filed, the plaintiff was not, according to Alianz's records, the owner of the policy, was not authorized to bring that suit, so we moved to dismiss. Judge Vitaliano entered an order to show cause to the trust to say, give me admissible evidence that it came back to you. So we appear to have required a level of clarity in the provision, and we can call it an anti-assignment provision, we can call it a notice provision, but we've appeared to require a level of clarity in provisions that ultimately may lead to the invalidity of an assignment. And that, I think, could include a provision relating to notice. Is that right or wrong? It's not a question of clarity as to invalidity. There is a doctrine about anti-assignment provisions prohibiting assignments. This is not that. In fact, the trust admitted on page 12 of its brief. Is it a validity with respect to what, just before you continue with Judge Levine? Whether a policy provision can prevent, prohibit an assignment. There is very strict law as to circumstances under which an insurance company can prohibit an assignment. That's not the case here. We don't seek to prohibit an assignment. We don't even involve them. How about the clarity of the consequences of not providing notice? I think when we go back to it, it's basically a question of contract interpretation. And that's what was spun in our brief. We have a notice provision that's clear and unambiguous, and we believe should be enforced in accordance to its terms. What is the state of New York law on this issue? Your colleague says that this is a matter of first impression as a matter of New York law. Well, as we said, we weren't able to find anything but life insurance policies dealing with this assignment question. Did you come across reliable loan, which is a stock transfer? Did you come across that? We did. 1958 case. There are some real old ones. I mean, if you go back further in 1902, there's Fink versus Fink. Old law could be good law. Which from the Court of Appeals, which says it's okay for an insurance company to impose reasonable restrictions for the protection of the parties on a transfer. Which is what we're doing here. To make sure that the appropriate, the intention of the owner of the contract is respected in terms of it. I guess what you're telling me is that there's nothing with respect to the life insurance policies on point in New York's. There is not. But on the property side, there's- Why not certify? I mean, I haven't, your colleagues is okay, I think reluctantly, but I don't believe it's necessary because there is no- Well, why is it not necessary when we have an acknowledgment from both sides that there is no New York law on this issue? And there might be a 1928 case on stock exchanges, and stock transfers rather, but no New York law on this issue. What makes me the expert on New York law on this issue? Two things. On the property side, not the life side. We cited two opinions from this court, Globacon Group and Travelers' Indemnity, and two district court opinions from this circuit, pages 23 and 24 of our brief, that upheld a provision in a property policy that required the affirmative consent of an insurance company to transfer ownership. General property rights again. So there's law on that? Yes. We, this is not, that doesn't apply here, and it's our position, if you can require affirmative consent by the insurance company, which is a discretionary act to transfer a policy, what's the problem with requiring just a unilateral notification on the back of a napkin or whatever from the owner of a policy? We don't see that there's- So could a complaint properly drawn up raising this issue constitute notice? If it was brought by the record- If the plaintiff says, I'm the owner of this policy, you probably even get fancy service. I mean, they may even get a sheriff to serve it on alliance. If it was a notification provided by the record owner of the policy to the company and in the allegation said, we have assigned or sold the policy to X, I think that would satisfy the requirement. I am the owner who had it, who- The owner of record. So they transferred the policy, the trust owned it, they transferred it with a simple notice to alliance to Miriam Mutual. And the question is, it didn't come back before suit was filed. Right. And then, but the trust is bringing the suit. Correct. So, okay. I see my time is about up. Thank you very much. We ask that you affirm. Thanks. Your Honor, I would like to address the four issues very, very quickly. First issue is this argument that if alliance didn't have a notice requirement, it would be required to pay the death benefit twice. It's not true. There's no- There are two parts to the policy. One is who is the owner of the policy, and the other part to it is who is the beneficiary. We are not arguing that the insurance company is entitled to receive proper notice of who the beneficiary is. That's a different claim altogether. Alliance may be within its rights to insist on a particular type of notice in order to determine clearly who the beneficiary is before it pays it out. And if they don't get that notice, they'll have to commence an interpleader or make a payment at their own risk. But that's not the issue here. The issue here, who is the owner? The owner is not the one that collects on the policy. It's the beneficiary. So there will never be this idea that the owner would change without alliance's notice, and then alliance would have to pay two different- But you need the owner in order to be able to sue. That's- Correct. That's correct. It's a claim to standing. So that's one issue. The second issue I want to talk about is the idea of a notice on a napkin. Alliance is taking the position now that a notice on the napkin would be good enough, but its policy says that the notice has to be satisfactory, written satisfactory notice. So they- We have a judicial admission, anyway. We're relying on what happens. Yeah, yeah. The third issue is with respect to a notice in a complaint. We've cited some decisions, obviously nothing on insurance law that we found, but that if there are provisions that require notice to the city before you could bring a suit against the city, and that a complaint would satisfy that notice in certain instances. So there is the concept out there that a notice in a complaint can serve as notice, and there's no reason why it's not. Now, we do take alliance's argument seriously, that it's not notice from the prior owner, but in this case, the prior owner did give notice in a, in the written form. Was the lapse ever cleared? No. I mean, alliance wouldn't speak to anyone about it. So they wouldn't take, even if you could get the amount, the check, cleared, they didn't want to take it. Correct, that's correct. I mean, I know I'm out of time for the court, but maybe one last thing with respect to property policies versus life insurance policies. Property policies are different because when the owner is changing, the risk is changing. So there's an understanding there that the courts have explained why an insurance company would want to know who the risk is. With a life insurance policy, the risk always remains exactly the same. It's the insured who is there from day one. Thank you. Thank you both. Just in case, we'll reserve a decision.